UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD C. SZAROWICZ,

                Plaintiff,

     v.                                            **DECISION AND ORDER**
                                                   11-CV-277S

MICHAEL J. ASTRUE,
*Commissioner of the Social Security Administration*,

                Defendant.

Plaintiff Donald C. Szarowicz is a prevailing party in this social security benefits action. Presently before this Court is Plaintiff's counsel's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b)(1)(A).  (Docket No. 23.)  Defendant does not oppose the motion.  (Docket No. 25.)

Forty-two U.S.C. § 406(b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Plaintiff was awarded $55,563 in past-due benefits. (Affidavit of William C. Bernhardi ("Bernhardi Aff."), Docket No. 23-3, Exhibit 6.) Plaintiff's counsel seeks $13,890.75 in fees, which constitutes 25% of the past-due benefits and is consistent with the contingent-fee agreement that provides for attorney fees in the amount of 25% of any recovery. (Bernhardi Aff., ¶ 1 and Exhibit 1.)

Having thoroughly reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 808, 1122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Moreover, there is no indication that this fee is a windfall. Id. Plaintiff's counsel's $13,890.75 fee request is therefore granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on October 31, 2012, this Court previously awarded Plaintiff's counsel $5,540.86 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). Because the fee granted above exceeds the EAJA fee, Plaintiff's counsel must refund the EAJA fee to Plaintiff. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).

IT HEREBY IS ORDERED, that Plaintiff's counsel's Motion for an Award of Attorney Fees in the amount of $13,890.75 under 42 U.S.C. § 406(b)(1)(A) (Docket No. 23) is GRANTED.

FURTHER, that Plaintiff's counsel is directed to refund the $5,540.86 EAJA fee to Plaintiff within 14 days of the entry date of this Decision and Order if he has not already done so.

SO ORDERED.

Dated: May 21, 2015
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Senior United States District Judge